# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER KURT RIEDESEL,<br><br>　　　　　　　　　　Petitioner,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | CASE NO. 09cv0650 JM<br>CRIM. NO. 92cr1488 JM<br><br>ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. §2255 |

Movant Walter Kurt Riedesel ("Riedesel") moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 ("Motion"). Respondent United States of America opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the Motion is denied in its entirety. The Clerk of Court is instructed to close the file.

## BACKGROUND

On November 12, 1992 Movant was charged in a one count information charging him with conspiracy to possess 908 grams of methamphetamine with intent to distribute in violation of 21 U.S.C. §§841(a)(1) and 846. He retained attorney Phillip C. Nychay to represent him. (Petitioner's Exh. G). At the time Mr. Nychay was admitted to practice law in the State of Pennsylvania but not the State of California. In June 1989 Mr. Nychay was admitted to practice law before the Ninth Circuit Court of Appeals and, on November 2, 1990, to practice pro hac vice in the Southern District of

1  California in an unrelated case. (Gov't Exhs 8, 9). On November 17, 1992 Defendant
2  waived indictment and pleaded guilty to the information.

3   Movant faced a 10 year minimum mandatory sentence. However, the United
4  States requested a 23 point departure pursuant to Sentence Guideline §5K1.1. On
5  March 7, 1994 Judge Turrentine sentenced Movant to time served (10 days), followed
6  by five years of supervision.

7   Movant now moves to vacate his sentence on the ground that he learned in June
8  2008 that Mr. Nychay was not licensed to practice law in the State of California.
9  (Motion at p.2:5-7). The Government opposes the motion.

10 **DISCUSSION**

11 **The Statute of Limitations**

12  The parties do not dispute that the one year statute of limitations bars the present
13 action unless tolled. One exception to the one year statute of limitations provides that
14 the limitation begins to run from the latest of "the date on which the facts supporting
15 the claim or claims presented could have been discovered through the exercise of due
16 diligence." 28 U.S.C. §2244(d)(1). Here, the court concludes that Movant could have
17 easily discovered that Mr. Nychay was not admitted to practice law in California. A
18 simple telephone call to the California State Bar would have sufficed to discover that
19 Mr. Nychay was not admitted to the California Bar. Further, Movant contends that
20 equitable tolling should apply but fails to identify any extraordinary circumstances
21 which would warrant the application of equitable tolling principles. As Movant fails
22 to demonstrate that Motion was timely filed or subject to tolling principles, the court
23 denies the motion as time barred.

24 **The Sixth Amendment Claim**

25  Movant contends that he has the Sixth Amendment right to be represented by
26 counsel admitted to practice in the State of California. Even if timely, such an argument
27 is not persuasive. In <u>United States v. Walters</u>, 309 F.3d 589 (9thCir. 2002), the Ninth
28 Circuit held that a defendant has a Sixth Amendment right to be represented by counsel

1  of his choice, even if counsel is not admitted to practice law by the California State Bar.
2  As Mr. Nychay had previously been admitted before the Ninth Circuit and this district,
3  there appears to be no circumstance under which this court could have denied a request
4  by Mr. Nychay to appear <u>pro hac vice</u>. Any denial of an application to appear <u>pro hac</u>
5  <u>vice</u>, absent compelling reasons not identified by Movant, would have violated
6  Movant's Sixth Amendment right to counsel. <u>Id.</u> at 592. Consequently, Movant cannot
7  prevail on the merits.

**Ineffective Assistance of Counsel**

To the extent Movant seeks to allege an ineffective assistance of counsel claim, such an argument cannot succeed. To prevail on an ineffective assistance of counsel claim, Movant must show (1) that his counsel's performance was deficient; and (2) that he suffered prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668, 690-02 (1984). As Movant fails to allege any deficient performance, or to demonstrate any prejudice from the favorable sentence he received, the Motion is denied.

In sum, the Motion is denied.

**IT IS SO ORDERED.**

DATED: September 9, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:   All parties